E-FILED
Friday, 20 November, 2026 04:15:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BLAKE CONYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-02042-SEM-DJQ |
| | ) | |
| COUNTY OF PIATT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, seeks to pursue claims in this Court. Plaintiff is in prison at Hill Correctional Center. The allegations in this case concern a variety of situations that occurred in Plaintiff's past.

**REQUEST FOR COUNSEL**

Plaintiff has requested Court assistance with finding an attorney. Dkt. 4.

Plaintiff has demonstrated a reasonable attempt to find an attorney.

At this early stage of the case, the Court finds Plaintiff is able to represent himself. As discussed below, Plaintiff seeks to improperly combine a number of allegations and claims that cannot

be brought in the same lawsuit. Plaintiff must at a minimum clarify his claims before the Court can fully assess if a counsel search is appropriate. Plaintiff's pleadings are clearly written and well-organized. The Court acknowledges Plaintiff's argument that legal rules and procedures can be complex. However, there is no indication that Plaintiff is impaired in such a way that he is unable to handle the pleadings stage of the case. There is no indication of Plaintiff's education, but based on his pleadings he is quite literate. Based on the foregoing, Plaintiff's motion is denied with leave to renew as the case progresses. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

## MERIT REVIEW

The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are

insufficient—the facts alleged must state a claim for relief that is plausible on its face. *See Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

Allegations

Plaintiff's Complaint names as Defendants Piatt County, the Piatt County Sheriff, Advanced Correctional Healthcare, and Jail Administrator Zackery Cooper.

Plaintiff alleges several sets of facts that are not properly joined in one lawsuit.

Certain allegations relate to a period of approximately 23 days in May 2025, following Plaintiff's arrest, during which he did not receive certain medications.

A separate set of allegations relates to the food at the Jail. Plaintiff asserts it did not comply with his religious needs.

Plaintiff also alleges that religious services and counseling in the Islam faith were unavailable to him while he as at the Jail.

Another set of allegations relates to the water in the Jail, which Plaintiff believed to be of poor quality.

Another set of allegations relates to a cemetery that is improperly digging up remains and re-selling plots. This cemetery is where his mother is buried.

Another set of allegations relates to Plaintiff's contention that he was wrongfully convicted of sexual assault, in 2000, and was later convicted, in 2024, on an offense of failure to register, and Plaintiff believes that 2024 conviction was wrongful and seeks to invalidate and expunge it.

Plaintiff alleges the law library at the Jail was insufficient, and that the Sheriff did not hire staff to update and develop it. He alleges that he faced difficulties in making legal calls and obtaining legal information while at the Jail.

Analysis - Joinder

A plaintiff may join defendants in the same action only if the claims against each one arise out of the same transaction, occurrence, or series of related transactions or occurrences. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018); Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689

F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id.* (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, the Court retains discretion to sever claims that, while technically properly joined, are more effectively resolved in separate cases.

Plaintiff's pleadings run counter to the joinder rules. Plaintiff combines many issues and Defendants that are unrelated to one another. If Plaintiff wants to sue different Defendants about things that are not bound by a common core of operative facts he needs to file separate lawsuits to do so. The Complaint is dismissed on this basis. Plaintiff may file a motion for leave to amend, with attached proposed amended complaint limited to one set of properly joined claims and Defendants.

If Plaintiff believes that the statute of limitations on any of his claims has elapsed, and if Plaintiff still desires to pursue such allegations, he should inform the Court of that fact, and the Court will sever any such claims into a new lawsuit that will relate back to the filing date of this lawsuit. Plaintiff will owe a new filing fee for any suit created in that way.

**IT IS THEREFORE ORDERED:**

1. **Motion to Request Counsel [4] is denied without prejudice.**

2. **Pursuant to its review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint is improperly pled under Federal Rules of Civil Procedure 8, 18, and 20, as it does not provide a short and plain statement of the claim, and it improperly joins unrelated sets of claims.**

3. **Plaintiff is granted 28 days to file a motion for leave to amend with an attached proposed amended complaint. Any proposed amended complaint must comply with the joinder rules in this Order. Separate claims belong in separate lawsuits, each requiring its own filing fee.**

4. **If Plaintiff does not timely move to amend, or if the proposed amended complaint does not correct these issues, this action will be dismissed without prejudice for failure to state a claim.**

Entered November 20, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE